**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| DAVID SHEPPARD |
| Plaintiff, |
| v. |
| UNITED STATES OF AMERICA, *et al.*, |
| Defendants. |

Civil Action No. 08-1823 (CKK)

**MEMORANDUM OPINION**
(July 30, 2009)

Plaintiff David Sheppard brings this one-count negligence action against the United States, the District of Columbia, and Gregory Sullivan, an employee of a Task Force operated by the Metropolitan Police Department ("MPD") and Federal Bureau of Investigation ("FBI"). Sheppard alleges that Sullivan negligently struck his vehicle while Sullivan was acting within the scope of his employment and using a vehicle owned by either the District of Columbia or the FBI. Currently pending before the Court is the United States' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, and the District of Columbia's Motion to Dismiss, or in the alternative, Motion for Summary Judgment.[1]

Upon consideration of the parties' motions and related briefing, applicable case law and statutory authority, and the record of the case as a whole, the Court finds, as a matter of law, that (1) Sullivan was not acting within the scope of his employment at the time of the accident, and (2) Sullivan cannot rely on a D.C. permissive use statute to impose liability on Defendants. Accordingly, the Court shall GRANT the United States' Motion to Dismiss, GRANT the District

---

[1] Sullivan individually filed an Answer to Sheppard's Complaint on March 6, 2009.

of Columbia's Motion for Summary Judgment, and shall DISMISS the United States and the

District of Columbia from further proceedings in this case, for the reasons that follow.

## I. BACKGROUND

Sullivan is employed as an officer of the MPD/FBI Task Force, pursuant to which he is

federally deputized.  Compl. ¶ 17; Def. U.S.' Mot. at 2.  On the evening of December 14, 2006,

Sullivan allegedly struck Sheppard's vehicle in Washington, D.C., and left the scene of the

accident without stopping.  *Id.* ¶ 19.  Sullivan was subsequently involved in a second collision

approximately one hour later in a different section of Washington, D.C.  *Id.* ¶ 20.  He was placed

under arrest by police officers after the second collision.  *Id.* ¶ 21.  The police administered two

chemical breach tests on Sullivan, resulting in blood alcohol level readings of .18, and .19,

respectively.

Sullivan pled guilty to driving while intoxicated in the Superior Court of the District of

Columbia.  *See* Def. D.C.'s Mot., Ex. 2 at 1 (8/7/07 Judgment Order).  The MPD launched an

Internal Affairs investigation, pursuant to which Sullivan provided a sworn statement.  *Id.*, Ex. 3

at 1-4 (9/10/07 Sullivan Interview).  Sullivan explained that he had attended an annual Christmas

party at the United States Attorney's Office on December 14, 2006.  *Id.* at 3.  According to

Sullivan, he consumed four glasses of vodka and then proceeded to drive home.  *Id.*  Sullivan

confirmed that he was off duty when he was driving home:

> Q: Ok.  One more question in reference to the gathering party at the U.S.
> Attorney's office, were you on or off duty at the time of the party?
>
> A: I was off duty at the time of the accident.
>
> Q: Were you on duty at the time of your drinking?
>
> A: I'm really not sure . . . I don't know what the tour was in retrospect.

Q: Ok.  So, you were off duty when you were driving?

A: Yes.

*Id.* at 4.

Sheppard's Complaint alleges that Sullivan was operating an automobile owned by either the FBI or the District of Columbia within the scope of Sullivan's employment when the accident occurred.  Compl. ¶¶ 16-17.  The Complaint also alleges that the FBI and/or the District of Columbia gave Sullivan permission to drive the vehicle on December 14, 2006, in order to carry out duties within the scope of his employment.  *Id.* ¶ 18.  Finally, the Complaint alleges that, as a result of Sullivan's negligent actions, Sheppard has suffered bodily injuries, including "shock to his nervous system," and that he has incurred medical expenses and lost wages.  *Id.* ¶ 24.

Sheppard filed this lawsuit on October 24, 2008.  The United States and the District of Columbia filed respective Motions to Dismiss, or in the alternative, Motions for Summary Judgment, which are fully briefed and ripe for resolution.

## II.  LEGAL STANDARDS

The United States filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (seeking dismissal based on a lack of subject matter jurisdiction) whereas the District of Columbia filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (seeking dismissal based on a failure to state a claim upon which relief can be granted).  Although the Motions raise identical issues for the Court's consideration, the legal standards for review differ.  For a motion brought under Rule 12(b)(1), the Court may consider a complaint "supplemented by undisputed facts evidenced in the record or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of*

3

*Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).  For a motion brought under Rule 12(b)(6), the Court

is limited to considering the facts alleged in the complaint, any documents attached to or

incorporated in the complaint, matters of which the court may take judicial notice, and matters of

public record.  *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir.

1997).

> In this case, the District of Columbia attached four exhibits to its Motion:  (1) the

registration for the vehicle operated by Sullivan at the time of the accident; (2) the Superior

Court's Judgment Order regarding Sullivan's conviction; (3) Sullivan's sworn statement in

connection with the MPD Internal Affairs investigation, and (4) the MPD traffic crash report.

*See* Def. D.C.'s Mot., Exs. 1-4.  The United States submitted one additional exhibit with its

Motion – an excerpt from a table of internal offenses and penalties and an excerpt from a manual

of administration operations and procedures.  *See* Def. U.S.' Mot., Ex. 3.  All of these materials

are appropriately considered by the Court for purposes of the United States' Motion to Dismiss

brought under Rule 12(b)(1).  In contrast, Sullivan's sworn statement is not the type of material

outside the scope of the Complaint that is properly considered pursuant to a motion brought

under Rule 12(b)(6).  Accordingly, the Court shall consider the District of Columbia's Motion as

one for Summary Judgment to allow for the inclusion of Sullivan's sworn statement.

> With this framework in place, the Court shall set forth the applicable legal standards

relating to the United States' Motion to Dismiss pursuant to Rule 12(b)(1) and the District of

Columbia's Motion for Summary Judgment pursuant to Rule 56(c).

> A.    *Motion to Dismiss Pursuant to Rule 12(b)(1)*

> Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has

jurisdiction.  *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13

(D.D.C. 2001) (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"); *see also Pitney Bowes, Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). A court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). However, "'[a] plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge*, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350). Finally, "[a]lthough 'the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the complaint standing alone,''where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Coalition for Underground Expansion*, 333 F.3d at 198 (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007) (in resolving a motion to dismiss pursuant to Rule 12(b)(1), a court "may also consider 'undisputed facts evidenced in the record'") (internal citations omitted).

   B.  *Motion for Summary Judgment Pursuant to Rule 56(c)*

   Pursuant to Federal Rule of Civil Procedure 56, a party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(c).  *See also Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

Under the summary judgment standard, the moving party bears the "initial responsibility of

informing the district court of the basis for [its] motion, and identifying those portions of the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In response, the non-moving party must "go

beyond the pleadings and by [its] own affidavits, or depositions, answers to interrogatories, and

admissions on file, 'designate' specific facts showing that there is a genuine issue for trial."  *Id.*

at 324 (internal citations omitted).

Although a court should draw all inferences from the supporting records submitted by the

nonmoving party, the mere existence of a factual dispute, by itself, is insufficient to bar summary

judgment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To be material, the

factual assertion must be capable of affecting the substantive outcome of the litigation; to be

genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier-of-

fact could find for the nonmoving party.  *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C.

Cir. 1987); *Liberty Lobby*, 477 U.S. at 251 (the court must determine "whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

that one party must prevail as a matter of law").  "If the evidence is merely colorable, or is not

sufficiently probative, summary judgment may be granted."  *Liberty Lobby*, 477 U.S. at 249-50

(internal citations omitted).  "Mere allegations or denials in the adverse party's pleadings are

insufficient to defeat an otherwise proper motion for summary judgment."  *Williams v.

Callaghan*, 938 F. Supp. 46, 49 (D.D.C. 1996).  The adverse party must do more than simply

"show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus.*

6

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, while the movant bears the initial

responsibility of identifying those portions of the record that demonstrate the absence of a

genuine issue of material fact, the burden shifts to the non-movant to "come forward with

'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (citing Fed. R. Civ. P.

56(e)) (emphasis in original).

## III.  DISCUSSION

### A.      *Respondeat Superior Liability*

Sheppard's Complaint appears to rely on a *respondeat superior* theory of liability,

pursuant to which an employer may be held liable for the tortious acts of an employee committed

within the scope of his employment.  *See* Compl. ¶ 17 ("[a]t all material times, Defendant

Sullivan was operating the motor vehicle within the scope of his employment").  There are two

requirements to establish *respondeat superior* liability: (1) the existence of an employer-

employee relationship, and (2) the tortious conduct occurs while the employee is acting within

the scope of his employment.  *See Doe v. Exxon Mobil Corp.*, 573 F. Supp. 2d 16, 24 (D.D.C.

2008).

The second of these elements – operating within the scope of his employment – is also

necessary to obtain jurisdiction against the United States in this case.  Specifically, the Complaint

asserts jurisdiction against the United States pursuant to the Federal Tort Claims Act ("FTCA"),

28 U.S.C. §§ 1346(b), 2671-80, which grants a limited waiver of sovereign immunity for

personal injuries "caused by the negligent or wrongful act or omission of any employee of the

Government while acting *within the scope of his office or employment* . . . ."  *United States v.

Orleans*, 425 U.S. 807, 813 (1976) (quoting 28 U.S.C. § 1346(b)(1)) (emphasis added).

Accordingly, whether Sheppard's claims against the District of Columbia and the United States

are cognizable depends on whether Sullivan acted within the scope of his employment at the time

of the accident.[2]

District of Columbia law defines the scope of employment in accordance with the

*Restatement (Second) of Agency*.  *See Moseley v. Second New St. Paul Baptist Church*, 534 A.2d

346, 348 n.4 (D.C. 1987).  The Restatement provides, in relevant part, that:

> (1) Conduct of a servant is within the scope of employment if, but only if: (a) it is of
> the kind he is employed to perform; (b) it occurs substantially within the authorized
> time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve
> the master . . . . (2) Conduct of a servant is not within the scope of employment if it
> is different in kind from that authorized, far beyond the authorized time or space
> limits, or too little actuated by purpose to serve the master.

Restatement § 228; *Moseley*, 534 A.2d at 348 n.4.  The D.C. Court of Appeals has explained that

"the test for scope of employment is an objective one, based on all the facts and circumstances."

*Weinberg v. Johnson*, 518 A.2d 985, 991 (D.C. 1986).  Although the inquiry into whether an

employee is acting within the scope of employment is generally a question of fact for the jury, it

"becomes a question of law for the court . . . if there is not sufficient evidence from which a

reasonable juror could conclude that the action was within the scope of the employment."

*Boykin v. District of Columbia*, 484 A.2d 560, 562 (D.C. 1984).  In this case, the facts establish

as a matter of law that Sullivan was acting outside of the scope of his employment at the time of

the accident.

--------

[2] All parties agree that the law of the District of Columbia, the situs of the accident and
the alleged negligence, governs Sheppard's claims against the United States and the District of
Columbia.  *Cf. Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Cir. 2008) (holding that the inquiry into
whether an employee was acting within the scope of his employment depends on the *respondeat
superior* law of the state in which the tort occurred).

First, by driving under the influence of alcohol, Sullivan engaged in conduct far removed from "the kind he [was] employed to perform."  In fact, his conduct violated a D.C. statute, *see* D.C. Code § 50-2201.05(b)(1)(A)(i) (prohibiting the operation of a vehicle while under the influence of alcohol), and FBI regulations and procedures, *see* Def. U.S.'s Mot., Ex. 3 at 1 (prohibiting members of the force from engaging in conduct resulting in criminal or quasi-criminal offenses).  Sheppard does not argue otherwise.

Second, at the time of the accident Sullivan was acting within the "time and space" of his employment only to the extent that he was driving a vehicle owned by his employer and was possibly on duty while consuming alcohol at a party.  On these facts, it cannot be said that Sullivan was substantially within the authorized time and space limits of his employment.  *See Boykin*, 484 A.2d at 564-65 (holding that the District was not liable under *respondeat superior* for a teacher's sexual assault of a student, even though it occurred on school grounds and during school hours, because the criminal misconduct was not within the scope of the teacher's employment).  Nothing in Sheppard's Oppositions persuades the Court otherwise.

Third, Sullivan admitted in a sworn statement that he was off duty and was driving home at the time of the accident.  Under such circumstances, Sullivan's conduct could not be viewed by a reasonable finder of fact to have served the activities, interests, or objectives of the United States or of the District of Columbia.  *See Smith v. United States*, 762 F. Supp. 1511, 1513 (D.D.C. 1991) (holding as a matter of law that an off-duty government agent was not acting within the scope of his employment when he was driving home intoxicated after completing his tour of duty because "[o]n no basis would [the Court] conclude that drinking and driving after work hours fell within the scope of [the DEA agent's] employment . . ."), *aff'd*, 957 F.2d 912 (D.C. Cir. 1992).  *See also Smith v. Grimes*, 798 F. Supp. 298 (D.D.C. 1992) (related case with

9

the same holding).  Although Sheppard attempts to distinguish this case and *Smith*, the material

facts are the same – both agents were involved in accidents that occurred when they were off

duty and intoxicated and were returning home in their government vehicles.  Accordingly, the

Court agrees with Defendants that Sullivan cannot be said to have served the activities, interests,

or objectives of his employers at the time of the accident.

Seeking to avoid the consequences of these undisputed facts, Sheppard argues that he is

entitled to discovery pursuant to Federal Rule of Civil Procedure 56(f).  According to Sheppard,

discovery is necessary to determine whether Sullivan was off duty at the time of the accident, to

collect facts relating to the nature of the holiday party, and to find out where he was traveling

upon leaving the party, among other related issues.  *See* Pl.'s Opp'n to D.C.'s Mot. at 3-6.

The Court finds that discovery is unwarranted.  Although Rule 56(f) discovery is

appropriate in some instances to "'prevent railroading the non-moving party through a premature

motion for summary judgment,'" *Kakeh v. United Planning Org.*, 537 F. Supp. 2d 65, 71

(D.D.C. 2008) (quoting *Bancoult v. McNamara*, 217 F.R.D. 280, 282 (D.D.C. 2003)), it is

unnecessary where a plaintiff cannot explain "why additional discovery is needed" or offer more

than "a conclusory assertion . . . that discovery sought will produce the evidence required."

*Messina v. Krakower*, 439 F.3d 755, 762 (D.C. Cir. 2006) (internal quotations and citations

omitted).  Discovery is also unnecessary where a plaintiff merely seeks to "confirm" undisputed

evidence in the record, or speculates that other, as-yet unidentified facts might exist.  *See Strang*

*v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989) (affirming the

district court's denial of discovery under Rule 56(f) and holding that "[w]ithout some reason to

question the veracity of affiants . . . [the plaintiff's] desire to 'test and elaborate' affiants'

testimony falls short").

10

In this case, Sullivan has provided a sworn statement explaining that he was intoxicated and off-duty while driving home from a holiday party.  He was convicted of driving while intoxicated.  No amount of discovery will change these facts.[3]  *Cf. Smith*, 762 F. Supp. at 1513 (refusing to "support a useless round of discovery" on whether a federal employee was acting within the scope of his employment when he drove a government car while intoxicated because the record and uncontested affidavits provided by the defendants showed that no genuine issue of material fact existed).  Accordingly, the Court finds that neither the United States nor the District of Columbia may be held liable on a *respondeat superior* theory of liability in this case.

B.       *Permissive Use Liability*

Sheppard's Complaint also appears to plead a theory of liability against the District of Columbia and the United States pursuant to the Motor Vehicle Safety Responsibility Act, D.C. Code § 50-1301.01, *et seq.* ("MVSRA").  *See* Compl. ¶ 18 ("Defendant United States, through its agency, the F.B.I., and/or Defendant D.C. gave Defendant Sullivan the authority and/or permission, either express or implied, to drive its vehicle on December 14, 2006, to carry out duties within the scope of his employment").  The MVSRA provides that:

> Whenever any motor vehicle . . . shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner.

---

[3]  Although Sheppard repeatedly remarks that Sullivan may have been on duty while consuming alcohol, that fact is immaterial to the issue of whether he was acting within the scope of his employment *at the time of the accident*.

11

*Id*. § 50-1301.08 (formerly § 40-417, *et seq*.).  The Court finds that the MVSRA does not provide a cognizable theory of liability for Sheppard's claims against either the District of Columbia or the United States.

The District of Columbia cannot be found liable under this statute because it is not the owner of Sullivan's vehicle.  *See* Def. D.C.'s Mot., Ex. 1 (Vehicle Registration); Def. U.S.'s Mot. at 1 ("Sullivan was driving [an] FBI leased vehicle [at the time of the accident]").  Liability cannot be imposed under the MVSRA on a party who is not an owner of the vehicle.  *See Perkins v. United States*, 234 F. Supp. 2d 1, 3 (D.D.C. 2002).

With respect to the United States, the Complaint asserts jurisdiction pursuant to the FTCA (as discussed above), which grants a limited waiver of sovereign immunity for personal injuries only when the employee is "acting within the scope of his office or employment . . . ."  28 U.S.C. § 1346(b)(1).  Because the Court has found that Sullivan was not acting within the scope of his employment, there is no jurisdiction over the United States and, accordingly, Sheppard cannot proceed with a claim against the United States based on the MVSRA.  *See Perkins*, 234 F. Supp. 2d at 4 ("with one lonely exception, federal courts have rejected all attempts to impose liability upon the United States under so called 'permissive use' statutes, like the [MVSRA], where the most the plaintiff can show is that the vehicle that caused plaintiff's injuries was owned by the United States and used with its permission").[4]

---

[4] The Court notes that, even if jurisdiction against the United States existed, Sheppard's claim would suffer from several other deficiencies.  For example, Sullivan's violation of D.C. law and FBI procedures and regulations would operate to defeat any presumption of permissive use.  *See, e.g., Miller v. United States*, 67 F.R.D. 486, 488 (D.D.C. 1975) ("[w]here a regulation expressly prohibits the unauthorized use of a government vehicle, the non-existence of consent is established positively and equivocally").  In addition, even if Sheppard could show that a superior gave Sullivan permission to drive home after the holiday party, such consent would not have necessarily bound Sullivan's employer.  *Cf. District of Columbia v. Abramson*, 148 A.2d

12

Similar to the discussion above related to *respondeat superior* liability, Sheppard argues that discovery is necessary to pursue his argument concerning permissive use under the MVSRA. Because no amount of discovery would make the District of Columbia the owner of Sullivan's vehicle (which was leased by the FBI), nor create jurisdiction against the United States (which depends on Sullivan's having acted within the scope of his employment and *not* on the permissive use of the vehicle), the Court finds that the discovery requested by Sheppard is unwarranted. Accordingly, the Court finds that neither the United States nor the District of Columbia may be held liable based on the MVSRA in this case.

### IV. CONCLUSION

For the reasons set forth above, the Court shall GRANT Defendant United States' [13] Motion to Dismiss and GRANT Defendant District of Columbia's [6] Motion for Summary Judgment. The United States and the District of Columbia shall be dismissed from further proceedings in this case. An appropriate Order accompanies this Memorandum Opinion.

Date: July 30, 2009

_____
        /s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

---

578, 580 (D.C. 1959) ("even if some official had attempted to give such permission it would not have been binding on the District, for it is generally held that it is beyond the power of a municipal corporation or its officials to consent to the use of an official vehicle for a purely private purpose").